**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4111**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ADRIAN LAMONT KEARNEY, a/k/a Adrian Carlton White, a/k/a
A.D.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville. W. Earl Britt,
Senior District Judge. (4:10-cr-00041-BR-1)

_____

Submitted: September 11, 2012    Decided: September 26, 2012

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North
Carolina, for Appellant. Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Lamont Kearney appeals his convictions of distributing at least five grams of cocaine base and possessing with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841 (2006), and his eighty-four month sentence. Counsel for Kearney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal but questioning whether Kearney's Guidelines range was correctly calculated and whether trial counsel was ineffective. Kearney was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a brief. We affirm.

Because Kearney did not move to withdraw his guilty plea, the Fed. R. Crim. P. 11 plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). After a complete review of the record pursuant to Anders, we conclude that the district court substantially complied with Fed. R. Crim. P. 11 and thus did not plainly err in accepting Kearney's plea. We therefore affirm Kearney's convictions.

We review Kearney's sentence for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and substantive reasonableness of the

2

sentence. <u>Id.</u>; <u>United States v. Lynn</u>, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must determine whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. <u>Lynn</u>, 592 F.3d at 575-76; <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence. <u>Lynn</u>, 592 F.3d at 575; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

We first conclude that Kearney's sentence is procedurally reasonable. Kearney received a two-level enhancement in his offense level for obstruction of justice under <u>U.S. Sentencing Guidelines Manual</u> § 3C1.1 (2010). That provision describes that when a defendant willfully obstructed or impeded the administration of justice "with respect to the investigation," his offense level shall be increased by two levels. This provision applies when a defendant destroys evidence during an arrest if that destruction amounts to a material hindrance. USSG § 3C1.1 cmt. n.4. The threshold for "materiality" under the Guidelines is low. <u>United States v. Gormley</u>, 201 F.3d 290, 984 (4th Cir. 2000). Because Kearney did not object to the enhancement at sentencing, his claim is

3

reviewed for plain error. Lynn, 592 F.3d at 576-77. We conclude that the district court did not plainly err in imposing the obstruction enhancement. We further conclude that the district court's calculation of Kearney's criminal history category was likewise not plain error. Additionally, Kearney's within-Guidelines sentence is substantively reasonable. United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011) (this court presumes that a sentence within a properly-calculated Guidelines range is reasonable). We thus affirm Kearney's sentence.

To the extent Kearney seeks to raise the issue of ineffective assistance of counsel, he has not conclusively demonstrated such ineffectiveness. The claim is thus not cognizable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted).

Accordingly, we affirm. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Kearney's convictions and sentence. This court requires that counsel

4

inform Kearney, in writing, of the right to petition the Supreme Court of the United States for further review. If Kearney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kearney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5